UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>ROBERT BERNARDI,<br>NIHAT CARDAK, and<br>SUNIL CHANDRA,<br><br>                    Defendants. | **Protective Order**<br><br>21 Cr. 616 (PGG) |

      On the joint motion of the United States of America, by Damian Williams, United States Attorney, through his counsel, Peter J. Davis and Emily A. Johnson, Assistant United States Attorneys (the "Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant Robert Bernardi, through his counsel Justin Weddle, Esq. and Julia Catania, Esq., of the defendant Nihat Cardak, through his counsel Sylvie Levine, Esq., and of the defendant Sunil Chandra, through his counsel Richard Rosenberg, Esq., and for good cause shown,

      IT IS HEREBY ORDERED:

      1. The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady* v. *Maryland*; or *Giglio* v. *United States*, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Confidential Information," may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities not named as parties in this case; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) that is not authorized to be

*United States* v. *Robert Bernardi, et al.,*
21 Cr. 616 (PGG)
Protective Order

disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; (v) relates to trade secrets and sensitive business information of victims; or (vi) contains sensitive financial information and identifiers, such as tax returns, bank accounts, and social security numbers.  Disclosure materials produced by the Government to the defendants or their counsel that are marked as "Confidential," or designated as "Confidential" in emails or communications to defense counsel, shall be deemed Confidential Information.  The Government's designation of material as Confidential Information will be controlling absent contrary order of the Court.

    2. Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

        a. Shall be used by the defendant and his counsel only for purposes of defending this criminal action, except that the defendant and his counsel may use Confidential Information in *S.E.C. v. Bernardi et al.*, No. 21 Civ. 8598 (VM) (the "SEC Action"), provided that such use is consistent with the provisions of this Order as set forth below;

        b. Shall not be disclosed in any form by the defendant or his counsel in this action or the SEC Action except as set forth in paragraph 2(c) below; and

        c. May be disclosed by the defendant or his counsel in this action or the SEC Action only to the following persons (hereinafter "Designated Persons"):

            i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defense counsel;

*United States* v. *Robert Bernardi, et al.,*
21 Cr. 616 (PGG)
Protective Order

      ii.    expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendant and/or his counsel in connection with this action or the SEC Action;

      iii.    prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case or the SEC Action; and

      iv.    such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

3.    Material disclosed to the defendant or his counsel during the course of proceedings in this action pursuant to Title 18, United States Code, Section 3500 and/or Federal Rule of Criminal Procedure 26.2 ("3500 material") shall be labeled on every page by the Government as "3500 Material." At the conclusion of this matter, any page labeled as "3500 Material," including any and all copies made of said material, shall either be returned to the Government or shredded and destroyed by the defendant or his counsel. This matter will be deemed concluded upon the conclusion of any litigation related to the above-captioned case and the SEC Action, including direct appeal and collateral attack.

4.    The defendant or his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are to be given possession of any Confidential Information, shall first sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they

*United States* v. *Robert Bernardi, et al.,*
21 Cr. 616 (PGG)
Protective Order

are bound by it.  The signed acknowledgments required pursuant to this paragraph shall not be disclosed by the defense except pursuant to an order of the Court for the purpose of enforcing this Protective Order.  In addition, if 3500 Material is provided to any Designated Persons, those Designated Persons shall make reasonable efforts to return or destroy such materials as set forth in paragraph 3.

      5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court or any other Court for purposes of this action or the SEC Action.

      6. The Government may at any time during the pendency of this proceeding designate documents or materials constituting Confidential Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such documents or materials is prohibited by statute or regulation.  The defendant and his counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use of the materials.

      7. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information or, if so designated pursuant to paragraph 6, Highly Confidential, pending further Order of this Court.

*United States* v. *Robert Bernardi, et al.,*
21 Cr. 616 (PGG)
Protective Order

8. The terms of this Order shall not apply to documents, data, or information received by the defendant from a source other than Confidential Information. To the extent that the Government's discovery contains documents that are also publicly available (without fault of the defendant), nothing in this Order shall restrict the use of such publicly available documents.

9. Nothing in this Protective Order shall preclude defense counsel from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Protective Order.

## Disclosure and Protection of Seized ESI

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized or will seize during the course of the Government's investigation in this matter.

11. The Government is authorized to disclose to all counsel for all of the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain Confidential Information ("the seized ESI disclosure material"). Each of the defendants, his defense counsel, and personnel for whose conduct defense counsel is responsible—that is, personnel employed by or retained by counsel—may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. This Order places no restriction on any defendant's use or disclosure of ESI that originally belonged to that defendant.

*United States* v. *Robert Bernardi, et al.*,
21 Cr. 616 (PGG)
Protective Order

## Execution in Counterparts

13. This Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same Order. Signature pages may be by fax or by .pdf and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____    Date: November 22, 2021
Peter J. Davis / Emily A. Johnson
Assistant United States Attorneys

_____    Date: November 22, 2021
JUSTIN WEDDLE, Esq.
JULIA CATANIA, Esq.
Counsel for Robert Bernardi

_____    Date: 11 /22 /21
SYLVIE LEVINE, Esq.
Counsel for Nihat Cardak

_____    Date: 11/22/2021
RICHARD ROSENBERG, Esq.
Counsel for Sunil Chandra

SO ORDERED:

Dated: New York, New York
       November __30__, 2021

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

6